UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**DALE McKINLEY MONTFORD**
        **Petitioner,**

v.                                               **Civil Action No. 4:05cv37**
                                                  **Criminal Action No. 4:04cr45**

**UNITED STATES OF AMERICA,**
        **Respondent.**

## ORDER AND OPINION

Currently before the court is Dale McKinley Montford's petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues that this court erred in calculating the amount of loss attributable to him and that his sentence was unconstitutionally enhanced based on sentencing factors to which he did not plead guilty and of which he was not found guilty. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons set forth below, Montford's petition is **DENIED**.

**I.**        **Factual Background**

On April 8, 2004, petitioner was named in a grand jury indictment charging him with felonies as the result of the theft of a bank bag containing unprocessed deposits: Count One, bank burglary, in violation of Title 18, United States Code Sections 2113(a) and 2; and Count Two,

bank larceny, in violation of Title 18, United States Code Sections 2113(b) and 2. On June 1, 2004, pursuant to a written plea agreement with the United States, petitioner pleaded guilty to the second count. A date for sentencing was set and a presentence report was prepared by the Probation Office of this court.

At sentencing, petitioner objected to the calculation of his offense level in the presentence report. Specifically, petitioner objected to the fact that he was attributed with the intended loss of $715,000.50 in the presentence report, even though the actual loss to the bank was only $27,188.13. As a result of being attributed with the intended loss, petitioner's offense level was increased by 14 points. See U.S.S.G. § 2B1.1(b)(1)(H) (increasing a defendant's offense level by 14 points if the loss was greater than $400,000 but less than $1,000,000). At sentencing on September 15, 2004, this court overruled petitioner's objections and determined that the Probation Officer had correctly calculated the loss attributable to petitioner. Accordingly, petitioner's offense level was 17 and his criminal history category was VI. The relevant sentencing range was therefore 51-63 months imprisonment, and this court sentenced petitioner to 52 months imprisonment.

## II.     Procedural History

On April 13 2005, petitioner filed the instant petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his petition, he alleges that the court erred in calculating his amount of loss and that his punishment was unconstitutionally enhanced by sentencing factors of which he was not convicted, in violation of the Sixth Amendment right to trial. On April 18, 2005, this court ordered the United States to respond to petitioner's

allegations.  See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 4(b).  The United States filed its response on June 15, 2005, submitting that petitioner's claims are without merit and requesting that his petition be denied and dismissed.  Petitioner filed a reply to the government's response on June 28, 2005.

### III.     Standard of Review

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  28 U.S.C. § 2255.  An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter.  See R. Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A collateral attack under § 2255 is far more limited than an appeal.  The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal.  A collateral challenge is not intended to serve the same functions as an appeal.  United States v. Frady, 456 U.S. 152, 165 (1981).  There are two instances, however, when a procedurally defaulted claim may be considered on collateral review.  The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error.  Id. at 167.  See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999).  The petitioner must demonstrate "that the

error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).  Alternatively, if a petitioner can demonstrate that he is actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted.  See Schlup v. Delo, 513 U.S. 298, 321 (1995).  In the instant case, the petitioner has not alleged that he is actually innocent of the crimes for which he was convicted, therefore he must demonstrate both cause and prejudice as a result of the errors he alleges here and did not raise on appeal.

A criminal defendant's knowing and voluntary waiver of the right to appeal his conviction or sentence has been consistently upheld as binding.  See, e.g., United States v. Blick, 408 F.3d 162, 172-73 (4th Cir. 2005).  A waiver is presumptively valid if the district court fully questioned the defendant about the waiver during a hearing that meets all the requirements of FED. R. CRIM. P. 11.  Id. at 169.  Although petitioner takes issue with the fact that his waiver of appeal was made before his sentencing, it is clear that both he and the United States, in entering into the plea agreement, expressly contemplated that he would be sentenced according to the United States Sentencing Guidelines.  Although the application of the guidelines has changed since the decision in United States v. Booker, 125 S.Ct 738 (2005), the expectations of petitioner and the United States, as reflected in the plea agreement, did not.  Petitioner was sentenced entirely in the manner contemplated by the plea agreement, and his waiver of the right to appeal were made knowingly and voluntarily.

IV.     Analysis

A.     Calculation of Loss

Petitioner claims that the court erred in attributing him with the full amount of the intended loss from his offense instead of the actual loss. Petitioner alleges that, had he been attributed with merely the actual loss, his offense level would have been reduced by 10 points. Further, he claims that, because the plea agreement listed only the actual loss of $27,188.13, the United States, in attributing to him the intended loss for purposes of sentencing, is in breach of the plea agreement.

Petitioner is incorrect in asserting that he should only be attributed with the actual loss. When the intended loss is greater than the actual loss, the greater amount is used to determine the defendant's sentence. See U.S.S.G. § 2B1.1, Comment 3A. See also United States v. Miller, 316 F.3d 495, 498-503 (4th Cir. 2003); United States v. Williams, 81 F.3d 1321, 1328 (4th Cir. 1996). The total value of the unprocessed checks and deposits in the bag that petitioner stole from the bank was $715,000.50. Even though petitioner only obtained $27,188.13 from his crime, the bag contained financial instruments capable of causing loss to the victim of $715,000.50. At sentencing, a representative of the bank testified that the total loss to the bank on the day of the theft was $715,000.50. Although the bank was able to mitigate its losses to a large degree, it is clear that the intended loss to the bank was the total value of the financial instruments stolen and that petitioner was properly attributed with that amount at sentencing.

Additionally, it appears as though petitioner fails to differentiate between the intended loss and the amount of restitution required by the plea agreement. While the plea agreement calls for restitution to the bank in the amount of the actual loss, the intended loss is much greater, and

5

is properly used in calculating the defendant's sentence under the sentencing guidelines. Further, even assuming, *arguendo*, that petitioner's claim had merit, he has not demonstrated cause for failing to raise the issue on direct appeal. Frady, 456 U.S. at 167. To the extent that his petition implicates the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), that decision, as discussed below, is not retroactively applicable to petitioner's sentence. Petitioner's claim that the loss attributed to him was improper and that the United States breached its plea agreement by agreeing to such loss is therefore denied.

B.   Criminal History

Petitioner additionally asserts that the inclusion of his prior convictions in calculating his criminal history level was in violation of his rights under the Sixth Amendment. Petitioner relies on several cases in support of this claim, including Apprendi v. New Jersey, 530 U.S. 466 (2000). However, all of the cases cited by petitioner are inapposite. Although Apprendi precluded the inclusion of outside facts to enhance a defendant's statutory maximum sentence, it explicitly did not apply to evidence of prior convictions. Id. at 490. A prior conviction that is used by a district court to enhance a defendant's sentence does not implicate Apprendi.

Nevertheless, petitioner alleges that in light of the Supreme Court's decisions in Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), the use of his criminal history to increase his sentencing range is unconstitutional. In Blakely, the Supreme Court extended its ruling in Apprendi. In Apprendi, the Court held that a judge may not increase a sentence above the statutory maximum unless that sentence is based on the factual findings of the jury or the admissions of the defendant. Id. at 483. The Court in Blakely reasoned that, for the purposes of Apprendi, the statutory maximum is not the maximum possible

sentence for a crime, but only the maximum sentence that could be imposed based on the factors that were determined beyond a reasonable doubt by a jury or admitted by the defendant. Blakely, 124 S.Ct. at 2537.

The Court in Blakely addressed the sentencing guidelines used by the state of Washington, and specifically declined to address whether its holding applied to the federal sentencing guidelines. Id. at 2538 n.9. The Court in Booker applied the holding of Blakely to the federal sentencing guidelines, determining that the mandatory nature of the guidelines violated the Sixth Amendment for the reasons stated in Blakely, but that Congress would have preferred an advisory guideline scheme to none at all. Booker, 125 S.Ct. at 745, 756. Thus, even though this petition was filed prior to the Court's decision in Booker, it is that decision, as opposed to Blakely, that is applicable to petitioner's sentence under the federal sentencing guidelines.

Because petitioner is collaterally attacking his final sentence, the court must determine if the rule announced in Booker may retroactively apply to the petitioner. Retroactivity comes into play where a criminal defendant has been found guilty and his conviction has become final prior to the announcement of the new rule. See Lilly v. United States, 342 F. Supp. 2d 532, 535 (W.D. Va. 2004). A conviction is final if "'the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari ha[s] elapsed.'" Teague v. Lane, 489 U.S. 288, 295 (1989) (quoting Allen v. Hardy, 478 U.S. at 258 n.1 (1986)).

Petitioner's conviction clearly became final prior to the decision in Booker, and therefore he must show that the Supreme Court decision he wishes to take advantage of announced a new rule and the new rule is retroactive on collateral review. See id. at 308. A decision announces a

new rule if the "result was not dictated by precedent existing at the time the defendant's conviction became final." Id. at 301. Although Blakely and Booker stemmed from the Court's holding in Apprendi, it does not appear that the result in Booker was dictated by precedent. The application of Apprendi to the sentencing enhancements in the guidelines was not foreseen by the courts of appeals after the Supreme Court decided Apprendi. See e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (holding that the court can enhance sentences on the basis of judicially determined facts so long as the statutory maximum is not exceeded); Lilly, 342 F. Supp. 2d at 537 n.3 (citing similar decisions from the other courts of appeals).

Assuming then, that the decision announced in Blakely and extended to the federal sentencing guidelines in Booker was a new rule, there is only a narrow class of cases to which the new rule will apply retroactively on collateral rule. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, or that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

It is undisputed that the rule announced in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Booker only "regulates the manner of determining the defendant's culpability." Summerlin, 124 S.Ct. at 2523. Booker does not involve the substantive determination of what conduct is lawful or unlawful. Moreover, the rule announced in Apprendi, 530 U.S. 466 (2000), upon which Booker relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review. See Summerlin, 124 S.Ct. at 2523; Sanders, 247 F.3d at 151 (finding that the rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may apply retroactively if it establishes one of the rare "watershed

rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S.Ct. at 2523; Teague, 489 U.S. at 311 (1989). In order to constitute such a rule, the decision must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach." Summerlin, 124 S.Ct. at 2525 (quoting Teague, 489 U.S. at 312-13).

The rule announced in Booker is not such a watershed change. As the Seventh Circuit has recently described:

> Booker does not in the end move any decision from judge or jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guidelines system has some flexibility in application.

McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

There is nothing in either Blakely or Booker to suggest that the Supreme Court intended to overrule the numerous cases holding that Apprendi does not apply retroactively on collateral review. This determination is in accord with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker. See id.; Lilly, 342 F.Supp. at 538-39 n.5 (citing the cases). Each circuit that has addressed the issue of retroactivity in the wake of Booker has determined that the rule announced in that decision is not applicable on collateral review. See Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. Apr. 8, 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); McReynolds, 397 F.3d at 491. See also United

9

States v. Johnson, 353 F. Supp. 2d 656, 657-58 (E.D. Va., Jan. 21, 2005).

Under the statute to which he pleaded guilty, petitioner faced a maximum sentence of 120 months imprisonment. The presentence report prepared by the Probation Office indicated that petitioner's guideline range was 51-63 months, and petitioner was sentenced accordingly. Petitioner's reliance upon the rule outlined in Booker is misplaced. Booker is not retroactively applicable to petitioner's sentence, and therefore his claim of unconstitutional enhancement of his sentence is denied. Even were Booker retroactively applicable to petitioner's sentence, he has not demonstrated any cause for failing to raise this issue on direct appeal. Frady, 456 U.S. at 167. Petitioner's procedural default is therefore not excused.

**V.     Conclusion**

For the reasons discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

July 15th, 2005
Norfolk, Virginia